IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:14CR81–HEH |
| ) | |
| COREY BEALE, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Granting 28 U.S.C. § 2255 Motion)**

Corey Beale, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 136). In his § 2255 Motion, Beale raises the following claim for relief:

> Claim One: "Recalculate criminal history points. During the sentenc[ing] hearing the government use[d] a possession of marijuana with intent to distribute [conviction] to add two points to my criminal history points. On 4/11/16 the Circuit Court of the City [of] Richmond vacated the possession of marijuana due to convincing evidence of fraud by the police officer on this case." (*Id.* at 5 (capitalization corrected).)

The Government responded, asserting that Beale is entitled to a resentencing. (ECF No. 151.) For the reasons set forth below, Beale's § 2255 Motion (ECF No. 136) will be granted.

**I.  PROCEDURAL HISTORY**

On October 16, 2014, Beale pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), as charged in Count Three of the Indictment. (Plea Agreement ¶ 1, ECF No. 40.) Prior to sentencing, a Probation Officer

prepared a Pre-Sentence Investigation Report ("PSR"). (*See* PSR, ECF No. 75.) With respect to Beale's prior criminal history, the Probation Officer noted that in 2010, Beale had been convicted of possession of marijuana with intent to distribute in the Circuit Court of the City of Richmond, Virginia ("Circuit Court"). (*Id.* ¶ 64.) The Probation Officer assigned two criminal history points to this conviction. (*Id.*) Beale's base offense level was also increased to 20 because of this prior conviction. (*Id.* ¶ 46.) On January 15, 2014, the Court entered judgment against Beale and sentenced him to 90 months of imprisonment. (J. 2, ECF No. 84.) On August 11, 2015, the United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss Beale's appeal based upon the appellate waiver contained in Beale's Plea Agreement. (*See* ECF No. 104.)

On April 11, 2016, the Circuit Court vacated Beale's 2010 conviction for possession of marijuana with the intent to distribute. (§ 2255 Mot. Ex. A, at 2–3.) In doing so, the Circuit Court granted the Commonwealth's motion to vacate, which asserted "that there was clear and convincing evidence of extrinsic fraud" that affected Beale's conviction. (*Id.* at 2.) The Circuit Court concluded that the "clear and convincing evidence that extrinsic fraud did occur and . . . render[ed] the . . . conviction void." (*Id.*)

## II. ANALYSIS

As his sole claim for relief, Beale requests that the Court "recalculate [his] criminal history points" without reference to the now-vacated 2010 conviction for

2

possession of marijuana with the intent to distribute. (§ 2255 Mot. 5.) A prisoner may seek reopening of his federal sentence under 28 U.S.C. § 2255 "when a state court conviction, for which criminal history points were assessed, has been overturned." *United States v. Mobley*, 96 F. App'x 127, 129 (4th Cir. 2004) (citations omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) (noting that a petitioner who is successful at attacking a state sentence "may then apply for reopening of any federal sentence enhanced by the state sentences"). Beale is therefore entitled to have his federal sentence reopened. Accordingly, the Court will grant relief on Claim One.

"[Section] 2255 authorizes the district court to take one of four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) 'discharge the prisoner,' (2) 'grant [the prisoner] a new trial,' (3) 'resentence [the prisoner]', or (4) 'correct the [prisoner's] sentence.'" *United States v. Hadden*, 475 F.3d 652, 667 (4th Cir. 2007) (alterations in original) (quoting 28 U.S.C. § 2255(b)). As noted above, Beale's criminal history and his base offense level for the instant offense were based on the now-void 2010 conviction for possession of marijuana with intent to distribute. Accordingly, the appropriate remedy is to vacate Beale's sentence and conduct a full resentencing. The Court will therefore schedule a resentencing in this matter at its earliest convenience.

### III. CONCLUSION

For the foregoing reasons, Beale's § 2255 Motion (ECF No. 136) will be granted. The Court will appoint counsel to represent Beale in further proceedings. The Court will set the matter for a resentencing.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 6, 2017
Richmond, Virginia